NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERROD FINDER, | No.   16-16903 |
| Plaintiff-Appellee, | D.C. No. 1:13-cv-02059-AWI-BAM |
| v. | |
| LEPRINO FOODS COMPANY, a Colorado corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado corporation, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 13, 2022
San Francisco, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and OLIVER,[***] District Judge.

After entering an order denying Leprino Foods' partial motion to dismiss,

the district court certified an interlocutory appeal and we granted permission to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

appeal pursuant to 28 U.S.C. § 1292(b). We affirm because the only certified issue—whether meal premium periods are considered "wages" under several provisions of the California Labor Code—has been resolved by a recent California Supreme Court case, *Naranjo v. Spectrum Sec. Servs., Inc.*, 2022 WL 1613499 (Cal. May 23, 2022).

1.      Jerod Finder worked as an hourly employee from 2004 to 2013 at Leprino Foods, a global dairy ingredients supplier. In 2013, he filed this class action lawsuit against Leprino alleging several violations of the California Labor Code. Count I alleged that Leprino failed to provide employees who worked more than 10 hours per day a second meal period or give them an hour of pay in exchange for each missed meal period (a payment known as a "meal period premium") in violation of California Labor Code §§ 226.7 and 512. Counts II and III alleged that Leprino's failure to pay those meal period premiums also violated various provisions of the California Labor Code governing the payment of "wages."[1] Counts IV and V imported the violations alleged in Counts I, II and III, and sought additional penalties under California Business & Professions Code, §§

---

[1] Count II alleged that Leprino failed to provide employees with accurate "wage" statements in violation of California Labor Code § 226 because the statements did not reflect meal period premiums for employees who worked more than 10 hours. Count III alleged that Leprino failed to timely pay all wages in violation of California Labor Code §§ 201, 202 because meal period premiums were not paid for separating employees.

17200, *et seq*. (Count IV) and the California Private Attorney General Act (Count V).

2.     Leprino Foods moved to dismiss Counts II and III, as well as the portions of Counts IV and V that relied on Counts II and III arguing that meal period premiums are not "wages," so even if it failed to pay meal period premiums as required, it was not liable under the provisions of the Code governing wages. The district court denied Leprino's motion to dismiss, but granted its request to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

3.     We twice deferred consideration of the appeal to permit the California Supreme Court to resolve the certified issue—whether meal premiums are "wages" under the California Labor Code.  On March 2, 2018, we issued an order deferring submission, vacating oral argument, and staying proceedings because the issue had been certified to the California Supreme Court by a Ninth Circuit panel in another case, *Stewart v. San Luis Ambulance*, No. 15-56943.  On September 18, 2019, the California Supreme Court dismissed the certification order in *Stewart* and we subsequently re-opened the case.  However, on January 2, 2020, the California Supreme Court granted a petition for review in *Naranjo v. Spectrum Security Services, Inc.*, S258966, which posed the same issue.  We accordingly issued an order closing the case again pending the outcome of *Naranjo*.

4.     On May 23, 2022, the California Supreme Court issued its decision in

*Naranjo*, holding that meal period premiums "constitut[e] wages subject to the same timing and reporting rules as other forms of compensation for work." 2022 WL 1613499, at *1. As such, those premiums "must be reported on statutorily required wage statements during employment (Lab. Code § 226) and paid within statutory deadlines when an employee leaves the job (*id*., § 203)." *Id*.

5.     The California Supreme Court's decision in *Naranjo* thus resolves the only issue certified for appeal. Therefore, we re-open this case, affirm the order on appeal, and remand to the district court for further proceedings.[2]

**ORDER AFFIRMED; REMANDED.**

---

[2] Appellant's motion to take judicial notice (Dckt. No. 52) is denied as moot.